UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN M. GLESKE and AUDREY GLESKE,

    Plaintiffs,

    v.                                            CAUSE NO. 3:20-CV-685 DRL-MGG

JAYCO, INC. and
ENTEGRA COACH, INC.,

    Defendants.

OPINION & ORDER

John and Audrey Gleske filed suit against the manufacturers of their recreational vehicle because it had powderpost beetle damage. The two companies—called Jayco here for short and for reasons that appear accurate[1]—removed the case based on federal question and diversity jurisdiction. The Gleskes now ask the court to remand the case to state court. The court denies their motion.

Diversity jurisdiction doesn't exist because Jayco falls within the forum defendant rule. *See* 28 U.S.C. § 1441(b)(2). That leaves only federal question jurisdiction. The Gleskes sued under a federal statute, the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2301 *et seq.*, and pursued at least six state law claims based on warranty, contract, product liability, and alleged deceptive acts. The Gleskes argue that a single federal question isn't sufficient for removal when most claims rest on state law, despite the court's supplemental jurisdiction over state law claims. *See* 28 U.S.C. § 1367.

The Gleskes cite *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986), for the proposition that "a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." That case isn't on point here because the MMWA claim is a federal cause of

---

[1] The Gleskes sued two companies, but it seems Jayco, Inc. manufactured the unit and that "Entegra Coach" remains just an assumed name of Jayco after a merger between Jayco, Inc. and Entegra Coach, Inc. in 2009. Because the parties concede that the forum defendant rule obviates the need to discuss diversity jurisdiction, the precise defendants and their citizenship aren't a concern.

action, not a state cause of action involving a federal issue. *See id.*; *see, e.g., Knopick v. Jayco, Inc.*, 895 F.3d 525, 528 (7th Cir. 2018). "Under the Magnuson-Moss Warranty Act, federal district courts have the authority to adjudicate disputes between consumers and warrantors [so long as] the amount in controversy is at least $50,000." *Knopick*, 895 F.3d at 528 (citing 15 U.S.C. §§ 2310(d)(1)(B), (3)(B)).

Jayco has the burden of establishing federal jurisdiction as the removing party. *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "When it comes to invoking federal question jurisdiction, the bar is low." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 681 (7th Cir. 2014). The court has jurisdiction over a claim arising under federal law. *See* 28 U.S.C. § 1331. This dispute concerns a warranty claim covered by the MMWA that isn't immaterial to the suit, *see, e.g., Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998), so a federal question exists.

Jayco also must demonstrate to a "reasonable probability" that the amount in controversy exceeds $50,000. *See Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004). In a MMWA case that relies on state law causes of action, the formula for the amount in controversy is "the price of a replacement vehicle, minus both the present value of the allegedly defective car and the value that the plaintiff received from the use of the allegedly defective car." *Id.* at 406 (citations omitted). Jayco has made that showing, and it seems the Gleskes concede the controverted amount exceeds the jurisdictional floor (ECF 10 at 2).

The court has supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367. There is no legitimate question that the state law claims here form part of the same case or controversy under Article III of the United States Constitution. The state claims originate from the same set of operative facts—the manufacture of this unit, the damage caused by the powderpost beetles, and the warranties and representations that comprised this sale. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) ("state and federal claims must derive from a common nucleus of operative fact" to sustain supplemental jurisdiction).

The Gleskes develop no compelling argument for the court to decline its supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(c). They say the statute's plain language permits the court to decline supplemental jurisdiction over state law claims when they predominate over federal issues. True enough, *see* 28 U.S.C. § 1367(c)(2), but declining supplemental jurisdiction isn't a party's right but an option of discretion that the court exercises "in the manner that best serves the principles of economy, convenience, fairness, and comity." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172-73 (1997). The Gleskes never explain why splitting this case—keeping the MMWA claim here and favoring a state forum for the state claims—promotes economy, convenience, or fairness. And it would not. *See, e.g.*, *Montano v. City of Chicago*, 375 F.3d 593, 602 (7th Cir. 2004) (district court abused discretion by declining jurisdiction when it created more litigation). The Gleskes offer the weight of numbers—six to one—but predominance typically concerns the type or nature of claims, not their mere numbers. *See Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 980 (7th Cir. 2011); *see also City of Chicago*, 522 U.S. at 173 (permitting district courts to consider "the nature of the state law claims, the character of the governing law, and the relationship between the state and federal claims").

The Gleskes are certainly right that these state claims are matters of state law, but they aren't complex and aren't unlike many product and warranty issues paired with the MMWA this court sees frequently given the recreational vehicle industry here. There is little risk to comity then. The MMWA certainly rises and falls with reference to state law, which might in the right case favor a state forum. *See, e.g., Schimmer*, 384 F.3d at 405 (MMWA "allows consumers to enforce written and implied warranties in federal court, borrowing state law causes of action"); *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001) (MMWA "does not provide an independent basis for liability; it only provides for federal jurisdiction for some state claims"). But here the claims dovetail in that this suit's driving force sounds in contact and warranty, and thus is wedded to a significant MMWA claim, with a product liability claim a natural cousin, and deceptive sales practices or fraud not foreign to it. *See City of Chicago*,

3

522 U.S. at 173. It cannot be said here that the MMWA claim isn't "substantial" within the meaning of federal question jurisdiction. *See Duke Power Co. v. Carolina Env't Study Group, Inc.*, 438 U.S. 59, 70-71 (1978); *Hagans v. Lavine*, 415 U.S. 528, 534-38 (1974).

Federal courts, including in this district, frequently exercise federal question jurisdiction over MMWA claims and supplemental jurisdiction over related state law claims. This case isn't outside the mine run. There are no circumstances here that suggest the court should decline to exercise supplemental jurisdiction. That may well change if the MMWA claim goes away, but that isn't the situation facing the court today. Accordingly, the court DENIES the motion to remand (ECF 5).

SO ORDERED.

December 4, 2020                                       *s/ Damon R. Leichty*
                                                      Judge, United States District Court